UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ESTATE OF MATTHEW PLANER, a deceased individual; DEBORAH WILLIAMS, personal representative of the Estate of Matthew Planer and heir of Matthew Planer,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF POCATELLO, ROGER SCHEI, RICH SAMPSON, and BREYVON JOHNSON,<br><br>Defendants. | Case No 4:24-cv-00284-BLW.<br><br>**(MODEL) DISCOVERY PLAN** |

# I. Preservation

   a. **Preservation & Proportionality:**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

   b. **Electronically Stored Information (ESI):**  With regard to ESI, the parties agree that:

   i. **Date Range:**  Only ESI created or received between <u>January 27, 2023</u> and <u>January 27, 2024</u> will be preserved;

   ii. **Scope of Preservation:**  The parties agree to:

   1. Preserve the Following Types of ESI

-1-

       a. Emails;

       b. Internal Memoranda;

       c. Investigation reports; and

       d. Training Records.

2. From the Following Custodians or Job Titles:

       a. City of Pocatello Police Department.

3. From the Following Systems, Servers, or Databases

       a. City of Pocatello Servers.

iii. **Preserved But Not Searched:** These data sources are not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

1. *[E.g. backup media of [named] system, systems no longer in use that cannot be accessed, etc.]_____.*

iv. **Not Preserved:** Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

1. *[E.g. voicemails, PDAs, mobile phones, instant messaging, automatically saved versions of documents, backup media created before _____, etc.].*

     v. **ESI Retention Protocols:** Going forward, the parties agree *not modify* the document and ESI retention/destruction protocols of *The City of Pocatello*

     vi. **Cost Sharing:**

         ☐*[The parties agree to share the cost of an electronic discovery vendor; shared document repository; or other cost saving measures]*

         ☒*[The parties agree to bear their own costs for preservation of e-discovery]*

## II. Initial Disclosures

a. *[if not yet provided]* The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:

- Plaintiffs:  December 2, 2024
- Defendants: December 2, 2024

b. *[change to form]* The parties agree to modify the form of the Rule 26(a) initial disclosures as follows:  N/A

c. *[exempt]* The parties agree that this proceeding is exempt under Rule 26(a)(1)(B) from the requirement to provide initial disclosures.

## III. Scope of Discovery

a. **Scope:** Discovery is necessary on the following subjects/issues:

- For Plaintiff:

1.

- For Defense:

    1. All claims asserted by Plaintiff;
    2. Matthew Planer's work history;
    3. Matthew Planer's criminal history;
    4. Matthew Planer's medical history; and
    5. Any and all claims of damages.

## IV. Discovery Boundaries

a. **Limits:** The parties agree to limit the number of discovery tools as follows:

☒ Depositions:            10 per side

☒ Interrogatories:        25 per side/party

☒ Requests for Production: 40 per side/party

## V. Deadlines

a. The deadline for the completion of fact discovery is: June 30, 2025.

b. The deadline for completion of expert witness discovery is: June 30, 2025.

## VI. Documents Protected From Discovery

a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-

protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its CMO unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b. **Quick Peek:**  The parties

☒*[agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]*

☐*[agree to a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) as set forth herein:  _____].*

c. **Post-Complaint Communications:**  Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## VII. Protective Order

a. The parties have agreed to the terms of a Protective Order to protect *[trade secrets, proprietary material, personal information, etc]* and will submit that to the Court for its approval.

b. *To aid the parties, the District of Idaho has developed a model protective order that can be found on the Court's website: https://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm*

c.  The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

United States District Court
Northern District of California

CHECKLIST FOR RULE 26(f) MEET AND CONFER
REGARDING ELECTRONICALLY STORED INFORMATION

---

In cases where the discovery of electronically stored information ("ESI") is likely to be a significant cost or burden, the Court encourages the parties to engage in on-going meet and confer discussions and use the following Checklist to guide those discussions. These discussions should be framed in the context of the specific claims and defenses involved. The usefulness of particular topics on the checklist, and the timing of discussion about these topics, may depend on the nature and complexity of the matter.

I. **Preservation**
   - ☐ The ranges of creation or receipt dates for any ESI to be preserved.
   - ☐ The description of data from sources that are not reasonably accessible and that will not be reviewed for responsiveness or produced, but that will be preserved pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).
   - ☐ The description of data from sources that (a) the party believes could contain relevant information but (b) has determined, under the proportionality factors, is not discoverable and should not be preserved.
   - ☐ Whether or not to continue any interdiction of any document destruction program, such as ongoing erasures of e-mails, voicemails, and other electronically-recorded material.
   - ☐ The names and/or general job titles or descriptions of custodians for whom ESI will be preserved (e.g., "HR head," "scientist," "marketing manager," etc.).
   - ☐ The number of custodians for whom ESI will be preserved.
   - ☐ The list of systems, if any, that contain ESI not associated with individual custodians and that will be preserved, such as enterprise databases.
   - ☐ Any disputes related to scope or manner of preservation.

II. **Liaison**
   - ☐ The identity of each party's e-discovery liaison.

III. **Informal Discovery About Location and Types of Systems**
   - ☐ Identification of systems from which discovery will be prioritized (e.g., email, finance, HR systems).
   - ☐ Description of systems in which potentially discoverable information is stored.
   - ☐ Location of systems in which potentially discoverable information is stored.
   - ☐ How potentially discoverable information is stored.
   - ☐ How discoverable information can be collected from systems and media in which it is stored.

IV. **Proportionality and Costs**
   - ☐ The amount and nature of the claims being made by either party.
   - ☐ The nature and scope of burdens associated with the proposed preservation and discovery of ESI.
   - ☐ The likely benefit of the proposed discovery.
   - ☐ Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.

*Revised December 1, 2015*

-7-

- ☐ Limits on the scope of preservation or other cost-saving measures.
- ☐ Whether there is relevant ESI that will not be preserved pursuant to Fed. R. Civ. P. 26(b)(1), requiring discovery to be proportionate to the needs of the case.

V. **Search**
- ☐ The search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that is not subject to discovery.
- ☐ The quality control method(s) the producing party will use to evaluate whether a production is missing relevant ESI or contains substantial amounts of irrelevant ESI.

VI. **Phasing**
- ☐ Whether it is appropriate to conduct discovery of ESI in phases.
- ☐ Sources of ESI most likely to contain discoverable information and that will be included in the first phases of Fed. R. Civ. P. 34 document discovery.
- ☐ Sources of ESI less likely to contain discoverable information from which discovery will be postponed or avoided.
- ☐ Custodians (by name or role) most likely to have discoverable information and whose ESI
- ☐ will be included in the first phases of document discovery.
- ☐ Custodians (by name or role) less likely to have discoverable information and from whom discovery of ESI will be postponed or avoided.
- ☐ The time period during which discoverable information was most likely to have been created or received.

VII. **Production**
- ☐ The formats in which structured ESI (database, collaboration sites, etc.) will be produced.
- ☐ The formats in which unstructured ESI (email, presentations, word processing, etc.) will be produced.
- ☐ The extent, if any, to which metadata will be produced and the fields of metadata to be produced.
- ☐ The production format(s) that ensure(s) that any inherent searchablility of ESI is not degraded when produced.

VIII. **Privilege**
- ☐ How any production of privileged or work product protected information will be handled.
- ☐ Whether the parties can agree upon alternative ways to identify documents withheld on the grounds of privilege or work product to reduce the burdens of such identification.
- ☐ Whether the parties will enter into a Fed. R. Evid. 502(d) Stipulation and Order that addresses inadvertent or agreed production.