BLAKE G. HALL, ESQ.
SAM L. ANGELL, ESQ.
CORY R. STEGELMEIER, ESQ.
HALL ANGELL & ASSOCIATES, LLP
1075 S Utah Avenue, Suite 150
Idaho Falls, Idaho 83402
Telephone (208) 522-3003
Fax (208) 621-3008
*ISB Nos. 2434, 7012, and 10095*
bgh@hasattorneys.com
sla@hasattorneys.com
crs@hasattorneys.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ESTATE OF MATTHEW PLANER, a deceased individual; DEBORAH WILLIAMS, personal representative of the Estate of Matthew Planer and heir of Matthew Planer,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF POCATELLO; CHIEF ROGER SCHEI; SERGEANT RICH SAMPSON; OFFICER BREYVON JOHNSON,<br><br>Defendants. | Case No. 4:24-cv-284-BLW<br><br>**OPPOSITION TO MOTION TO STRIKE (DKT. 33)** |

COME NOW Defendants, CITY OF POCATELLO, CHIEF ROGER SCHEI,

SERGEANT RICHARD SAMPSON, and OFFICER BREYVON JOHNSON, by and through

their attorneys of record, Hall Angell & Associates, LLP, and hereby submit their opposition to

Plaintiff's motion to strike (Dkt. 33) as follows:

OPPOSITION TO MOTION TO STRIKE - 1

**ARGUMENT**

Plaintiff has asked this Court to strike, in its entirety, the unrebutted expert report of Matthew Bloodgood. (Dkt. 33). Mr. Bloodgood's report is the only report that was ever authored in this matter. Plaintiff did not produce an initial or a rebuttal report. As such, Mr. Bloodgood's testimony is unrebutted. In her motion, Plaintiff concedes that Federal Rule of Evidence 704 makes it clear that a report is not objectionable and cannot be excluded "just because it embraces an ultimate issue." Because Mr. Bloodgood's unrebutted expert report stays well within the guidelines established by the Supreme Court for use of force experts, Plaintiff's motion to strike should be denied in its entirety.

**I.      Mr. Bloodgood's report stays within the guidelines established by the Ninth Circuit.**

In support of their motion to strike, Plaintiff relies almost exclusively on *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053 (9th Cir. 2002), amended sub nom. *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003), and overruled by *Est. of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014), and overruled by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020). *Mukhtar* deals with employment discrimination and is not an excessive force case. As such the reasoning in *Mukhtar* is readily distinguishable from this case.

The Ninth Circuit in *United States v. Diaz*, 876 F.3d 1194 (9th Cir. 2017), analyzed in depth when an expert opinion which touches on an ultimate issue may be excluded. In *Diaz*, the Court noted that often the language an expert uses in an opinion mirrors the language used in the law. *Id*. at 1198. For example, *Diaz* cited a Sixth Circuit decision where an objection to expert testimony was overruled despite the expert using language that the prescriptions at issue "were

not written for any legitimate medical purpose." *Id.* The court noted that while that language mirrored the elements of the crime, because there was not a "separate, distinct, and specialized meaning in law than it has in medicine" the testimony was admissible. *Id.*

Ultimately the *Diaz* Court adopted the following rule to determine whether or not to strike expert testimony which touches on the ultimate issue:

> Although the value of expert testimony lies in the specialized knowledge that an expert brings to bear on an issue in dispute, Fed. R. Evid. 702(a), it is sometimes impossible for an expert to render his or her opinion on a subject without resorting to language that recurs in the applicable legal standard. We hold that if the terms used by an expert witness do not have a specialized meaning in law and do not represent an attempt to instruct the jury on the law, or how to apply the law to the facts of the case, the testimony is not an impermissible legal conclusion.

*Id.* at 1198–99. In *Diaz*, the Court recognized that expert testimony was necessary to evaluate whether prescriptions being written by the defendant were appropriate for the conditions being complained of by his patients. *Id.* at 1199. Because the terms "outside the usual course of medical practice" and "legitimate medical purpose" used by the expert did not have a separate legal significance apart from common medical parlance, the use of those terms was not grounds to exclude the expert testimony. *Id.*

In this case, Plaintiff argues that Mr. Bloodgood's analysis of the *Graham* factors is inappropriate and should be stricken. As the Court is aware, the *Graham* factors simply require Courts and juries to analyze the totality of the circumstances to determine if the use of force was reasonable. Much like the medical expert testimony in *Diaz*, the terms used by Mr. Bloodgood do not have a separate and distinct legal meaning. Mr. Bloodgood and the other witnesses testified that as part of the police training, officers were taught that all use of force must be reasonable. Mr. Bloodgood simply states in his report that based on his training and experience, Sergeant Sampson followed his training. While Mr. Bloodgood ultimately concludes that the use

OPPOSITION TO MOTION TO STRIKE -  3

of force, in his opinion, was reasonable, that is no different than the expert in *Diaz* concluding that there was no "legitimate medical purpose" for the prescriptions. Mr. Bloodgood is not attempting to instruct the jury on how they should decide this case, he is merely offering his opinion as to reasonableness after reviewing and analyzing the facts of the case. Because the terms used by Mr. Bloodgood in his report do not have a special legal significance apart from common parlance, the Court should not exclude any portion of Mr. Bloodgood's opinion.

## II.    Plaintiff's "all-or-nothing" approach is not appropriate under Ninth Circuit case-law.

Plaintiff's request that Mr. Bloodgood's opinion and declaration should be stricken in its entirety is inappropriate. The Ninth Circuit recently held that a district court abused its discretion when it struck expert reports submitted by the plaintiff in their entirety after finding that they were inadmissible. In *Hyer v. City of County of Honolulu*, 118 F.4th 1044 (2024), the Ninth Circuit reversed and remanded a grant of qualified immunity based in part on the district court's decision to strike plaintiff's expert witness report. *See id.* While the Court noted in that case that it was possible that portions of the reports may be inadmissible, the Court found that excluding the expert opinions in their entirety was error. *Id.* at 1059.

Just as it was error for the district court in *Hyer* to exclude the entirety of the expert reports, it would be inappropriate for this Court to exclude the entirety of Mr. Bloodgood's report. It is undisputed that the vast majority of Mr. Bloodgood's report is admissible. For example, Mr. Bloodgood's video analysis, discussion of reaction time, discussion of training procedures, and discussion of policy is clearly admissible. The only portions Plaintiff has taken issue with deal with Mr. Bloodgood's ultimate opinion that, based on his training, experience, and expertise, the shooting of Mr. Planer was reasonable under the *Graham* factors. While that

OPPOSITION TO MOTION TO STRIKE - 4

opinion is admissible as the training for police officers includes reference to those factors, even if the Court were to exclude those opinions, or references to caselaw, the entire report should not be excluded.

**CONCLUSION**

Because Mr. Bloodgood's expert report falls well within the Ninth Circuit's clearly established guidelines for expert reports in excessive use of force cases, Plaintiff's motion to strike should be denied in its entirety.

Dated this 18th day of May 2026.

      __/s/_____
      Sam L. Angell

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true copy of the foregoing document upon the following on May 18, 2026, by electronically filing with the Clerk of the Court using CM/ECF system with a Notice of Electronic Filing to the following persons:

Kyle R. May
Brayden K. Cochran
MAY RAMMELL & WELLS, CHTD
216 W Whitman
Pocatello, ID 83204
Email: kyle@mrwlaw.net
Email: brayden@mrwlaw.net


          ___/S/_____
          Sam L. Angell